CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 26 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDALL SCOTT RHUDY, | ) CASE NO. 7:18CV00220 |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION |
| GREGORY P. WINSTON, ET AL., | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| Defendant(s). | ) |

Randall Scott Rhudy, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging denial of medical care at the New River Valley Regional Jail ("the jail"). He sues the superintendant and another jail employee. The clerk's office mailed service of process paperwork to the defendants on June 7, 2018, and they have not yet responded. Now, Rhudy submits a letter that the court construed and docketed as a motion for preliminary injunctive relief. Rhudy alleges that after he filled out two visitation forms, his unnamed jail staff refused his sister's visitation requests, saying that the forms had been misplaced. Based on these events, Rhudy "feel[s]" that he is being harassed because of the lawsuit and asks the court to intervene. Mot. Prelim. Inj. 1, ECF No. 9.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Unless he states facts making all four of these showings, interlocutory relief is not warranted. Id.

Rhudy simply does not state any facts to support his conclusory and speculative assertion that jail staff purposely misplaced his visitation forms in order to retaliate against him for filing

this lawsuit. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (requiring more than conclusory allegations of retaliation to state § 1983 claim). Indeed, Rhudy does not indicate how any jail employees even could have known about his lawsuit when his sister requested visitation. Thus, the court concludes that Rhudy has not shown a likelihood of success on the merits of a retaliation claim and will, therefore, deny his motion for preliminary injunctive relief.[1] An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

ENTER: This 26th day of June, 2018.

_____
Senior United States District Judge

---

[1] Because Rhudy's submission fails to allege facts sufficient to state a retaliation claim against anyone, the court will not construe it as a motion to amend to add any new claim to the lawsuit.