CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 07 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

RANDALL SCOTT RHUDY,         )    CASE NO. 7:18CV00220
                          )
        Plaintiff,          )
v.                          )    MEMORANDUM OPINION
                          )
GREGORY P. WINSTON, ET AL.,   )    By: Hon. Glen E. Conrad
                          )    Senior United States District Judge
        Defendants.     )

Randall Scott Rhudy, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant jail officials denied him access to medical care. After review of the record, the court concludes that this action must be dismissed as moot.

I.

At the time Rhudy filed his § 1983 claims in mid-May 2018, he was confined at the New River Valley Regional Jail ("jail"). He sues Gregory P. Winston, Superintendent of the jail, and Lisa Ferguson, its head nurse. He complains that "it took 1 ½ months to see Dr. after writing every week and told [he] was on list," and no one had "done anything to help" him, although he was "still very sick." Compl. 2, ECF No. 1. As relief in this case, Rhudy asks only for appropriate medical care.

Since filing the Complaint, Rhudy has submitted additional documents that the court will construe and grant as amendments, ECF Nos. 6, 21, 23, and 24. Taken as a whole, and liberally construed, Rhudy's submissions indicate the following sequence of events related to his claims. Rhudy states that his "liver and/or gallbladder [was] enlarged & in bad shape." Compl. 2, ECF No. 1. He underwent an ultrasound in February 2018 and was to have follow-up visits with the doctor. Rhudy wrote medical requests on February 28, March 8, 14, and 27, and again on April 3, 2018, asking to see the doctor; he stated that he was "still hurting bad," getting sick and

throwing up, and experiencing a taste like blood when he coughed. Mot. Am. 1, 4-7, ECF No. 21. To each request, a staff member responded that Rhudy was on the list to see the doctor. On April 17, 2018, Rhudy complained that he was "still hurting bad." Id. at 2. The response asked him for more information about what was hurting. On April 30, 2018, Rhudy filed a request, noting that he had pain under the right side of his rib cage and breast bone that made it difficult to breathe. The staff response indicated that he was "placed on sick call" that same day. Id. at 3.

On July 9, 22 and 25, 2018, Rhudy filed requests asking to see the doctor. He indicated that on June 27, 2018, a doctor had ordered an "HIDA scan and blood work" that had not yet been done. Id. at 8; Mot. Am. 1-2, ECF No. 23. The staff responses stated that these tests had been scheduled. They also indicated that Rhudy had been prescribed and was receiving a medication for his stomach pain. On August 21, 2018, Rhudy complained that his pain was getting worse and spreading and that Prilosec and Zantac were not helping. The response indicated that he was scheduled to see a medical provider. Additional materials from Rhudy indicate that in October and November, he discovered a knot on his breast bone and feared he had a hernia. He was frustrated that the medical staff did not act more quickly to address these issues. On November 28, 2018, the court received notice that Rhudy had been transferred to a state prison.

## II.

"[I]f an event occurs while a case is pending . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the [case] must be dismissed," because federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal quotation

marks omitted). It is well established that a prisoner's transfer or release from a particular jail moots his claims for injunctive and declaratory relief with respect to his incarceration there. <u>See</u> <u>Incumaa v. Ozmint</u>, 507 F.3d 281, 286-87 (4th Cir.2007); <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir.1991) (holding that inmate's transfer rendered moot his claims for injunctive and declaratory relief).

As stated, the only form of relief that Rhudy seeks in this case is injunctive relief, ordering the defendants to provide him access to appropriate medical care. Because Rhudy has been transferred away from the jail, the defendants no longer have authority to provide him with medical care. Accordingly, the court concludes that the case must be dismissed as moot.

In any event, Rhudy's submissions provide facts that do not support his conclusory § 1983 claim that no one provided him medical attention at the jail. Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. <u>Cooper v. Sheehan</u>, 735 F.3d 153, 158 (4th Cir. 2013). To state a constitutional claim concerning his course of medical care, Rhudy must show, objectively, that he had a serious medical need for different treatment than he received, and subjectively, that the defendant knew of a substantial risk of harm that medical need presented and responded unreasonably to it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834-37 (1994). A showing of deliberate indifference requires showing more than mere negligence, errors in judgment, inadvertent oversights, or disagreements about the proper treatment plan. <u>Jackson v. Lightsey</u>, 775 F.3d 170, 178 (4th Cir. 2014) (citing <u>Farmer</u>, 511 U.S. at 837)).

While Rhudy was at the jail, he did receive medical attention. Nurses responded promptly to his many written requests for medical evaluation. He received an ultrasound and medications, and a doctor ordered blood work and a medical study at an outside facility. Rhudy

clearly disagrees with the timing and the number of doctor visits provided to him. However, nothing in the record suggests that his medical care at the jail was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness," so as to be actionable under the Eighth Amendment's deliberate indifference standard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990), overruled in part on other grounds by Farmer, 511 U.S. at 837. Moreover, the defendants—who are not medical doctors—could rightly rely on the medical judgment of Rhudy's treating physicians regarding the appropriate number and frequency of doctor visits, the urgency for additional tests, and the types of medications to prescribe. Id. at 854.

## III.

For the reasons stated, the court concludes that this action must be dismissed as moot. Thus, the defendants' motion to dismiss must also be dismissed as moot. An appropriate order will issue this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to Rhudy and counsel of record for the defendants.

**ENTER:** This 7th day of February, 2019.

Senior United States District Judge